DECISION
This matter is before the court on Defendant's Motion to Dismiss, asserting that Plaintiffs are not aggrieved as required under ORS305.275 "because plaintiff[s] ha[ve] requested a reduction in maximum assessed value that is contrary to ORS 308.146." (Def's Mot at 1.) The court discussed the matter with the parties on July 7, 2008. Plaintiff Karen Spencer appeared on her own behalf. Defendant was represented by Leslie Cech.
 I. STATEMENT OF FACTS
Plaintiffs appealed the value of their property[1] for the 2007-08 tax year to the county board of property tax appeals (board), and the board reduced their real market value (RMV) from $698,130 to $573,130 (a reduction of 17.9 percent). The board, however, did not reduce Plaintiffs' maximum assessed value (MAV) or assessed value (AV), both of which are set at $381,150. Plaintiffs appealed to this court seeking a reduction in AV proportionate to the RMV reduction ordered by the board. Defendant moved for dismissal for lack of aggrievement. *Page 2 
 II. ANALYSIS
The relief Plaintiffs seek is contrary to law. The reason is that there is no linkage between RMV and AV. Gall v. Dept. of Rev.,17 OTR 268, 270 (2003). Plaintiffs' belief that there is a formulaic relationship between RMV and AV is incorrect.
RMV represents the market value (i.e., likely selling price) of a property. MAV was established in 1997 as 90 percent of the property's 1995 RMV on the rolls, [2] with annual increases thereafter of three percent.[3] Finally, AV is the lesser of the property's RMV or MAV. ORS 308.146(2).[4] Thus, whereas RMV is tied to market conditions that can vary each year both in terms of direction (up or down) and magnitude, MAV is a simple mathematical calculation based on an annual increase of three percent. Accordingly, Plaintiffs' RMV reduction has no impact on their MAV or AV.[5]
 III. CONCLUSION
The court concludes that Defendant's Motion to Dismiss should be granted because there is no legal basis for Plaintiffs' appeal. On the facts of this case, the board's reduction to Plaintiffs' RMV does not require a reduction to Plaintiffs' AV. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss Plaintiffs' appeal is granted, and Plaintiffs' case is dismissed.
Dated this ____ day of September 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on September 24,2008. The Court filed and entered this document on September 24,2008.
[1] Plaintiffs' property is identified in the assessor's records as Account R541991.
[2] Or Const, Art XI, § 11(1)(a) (providing that a property shall have a MAV for the 1997-98 tax year "that does not exceed the property's real market value for the tax year beginning July 1, 1995, reduced by 10 percent.").
[3] Or Const, Art XI, § 11(1)(b) (providing that "[f]or tax years beginning after July 1, 1997, the property's maximum assessed value shall not increase by more than three percent from the previous tax year"); ORS 308.146(1) (providing that MAV is the greater of 103 percent of the property's prior year AV, or 100 percent of the property's prior year MAV).
[4] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2007.
[5] There are situations where RMV reductions reduce AV. Most notably, when RMV drops below MAV, and MAV and AV are increased over the prior year in excess of three percent due to changes to the property that constitute exception RMV under ORS 308.146(3); ORS 308.149; ORS308.153. *Page 1