Joseph GALL
and Darlene Gall,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*
*and*

YAMHILL COUNTY ASSESSOR,
*Intervenor-Defendant.*

(TC 4639)

Joseph and Darlene Gall, Plaintiffs (taxpayers), filed the Motion to Admit as Evidence *pro se.*

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, filed the Motion for Partial Summary Judgment for Defendant (the department).

Frederic Sanai, Yamhill County Assistant County Counsel, McMinnville, filed the reply for Intervenor-Defendant (the county).

Decision for Defendant rendered November 17, 2003.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on a Motion for Partial Summary Judgment filed by Defendant Department of Revenue (the department) and a Motion to Admit as Evidence filed by Plaintiffs (taxpayers).

## I. INTRODUCTION

Procedurally, this case is in its beginning stages, and the department seeks to resolve the claim by taxpayers related to the interpretation and application of Article XI, section 11, of the Oregon Constitution (Measure 50). The department has asserted that there is no genuine issue of material fact with respect to the Measure 50 claim. Taxpayers have opposed the department's Motion for Partial Summary Judgment stating that "defendant should be ordered to appear at trial to testify under oath."

By letter dated October 28, 2003, the court notified taxpayers that their interpretations or arguments regarding the meaning and application of Measure 50 in this case were to be submitted to the court no later than November 17, 2003. In response, taxpayers filed a document containing their legal arguments on November 3, 2003.

## II. ACTION ON MOTION TO ADMIT AS EVIDENCE

Taxpayers have not asserted that there is a material issue of fact relevant to the Measure 50 issue. Even if taxpayers' writing is taken as such an assertion, it does not identify any relevant issue of fact on which there is disagreement. Taxpayers' Motion to Admit as Evidence requests that certain documents and a tape recording of the hearing in the

case held before the Yamhill County Board of Property Tax Appeals be admitted as evidence in this proceeding. The motion states that the material submitted with it constitutes "the paper trail of this case." It does not purport to be an affidavit or other document raising a material issue of fact in the case.

Taxpayers' Motion to Admit as Evidence is denied. Taxpayers' motion to admit those documents and the tape recording as evidence is not in accordance with the rules of evidence applicable to the Tax Court and is opposed by the department and Intervenor-Defendant Yamhill County Assessor (the county). This ruling does not preclude taxpayers from properly offering evidence at a later time, at which time the department or the county would then have further opportunity to object to admission of the offered evidence.

### III.   ACTION ON MOTION FOR PARTIAL SUMMARY JUDGMENT

As discussed above, with respect to the Measure 50 issue raised by the department's Motion for Partial Summary Judgment, the department has asserted that there are no material issues of fact, and taxpayers have not identified any genuine issues of material fact that would preclude summary judgment with respect to the Measure 50 issue. The matter is therefore amenable to summary judgment.

In their pleadings and other writings submitted to the court, taxpayers assert that under Measure 50, when there is a reduction of the real market value (RMV) of a property, the maximum assessed value (MAV) must also be lowered. In essence, taxpayers' position is that there is a linkage between RMV and MAV under Measure 50, at least in instances where RMV is reduced.

Taxpayers are fundamentally mistaken about the law. Under Measure 50 and the statutes implementing it, there is no linkage between the RMV and MAV. Instead, each value is determined and one of the two, the lesser, becomes, in any given year, the assessed value (AV) for the property. If, as taxpayers maintain, MAV must be equal to RMV in all years, it would have been nonsensical for Measure 50 and its implementing legislation to specify that AV must be the

lesser of RMV or MAV because the terms would always have the same value.[1] The court will not construe Measure 50 as nonsensical.

Taxpayers quote a portion of Article XI, section 11(1)(a), stating, " 'maximum assessed value for ad valorem property tax purposes that does not exceed the property's real market value . . ..' " On this quotation taxpayers appear to base their assertion regarding the relationship of RMV and MAV. Taxpayers have not carefully read the Oregon Constitution and that failing appears to be the source of the error in taxpayers' assertions. In fact, Article XI, subsections 11(1)(a) and (b), of the Oregon Constitution provide as follows:

> "**For the tax year beginning July 1, 1997**, each unit of property in this state shall have a maximum assessed value for ad valorem property tax purposes that does not exceed the property's **real market value for the tax year beginning July 1, 1995**, reduced by 10 percent.

> "**For the tax years beginning after July 1, 1997**, the property's maximum assessed value shall not increase by more than three percent from the previous tax year."

(Emphasis added.)

■ The year in question in this case is 2002-03. Accordingly, two observations are appropriate. First, taxpayers' reading of the constitution is in error because they cite to Article XI, section 11(1)(a), which by its terms applies only to the tax year beginning July 1, 1997. They then compound the problem by selectively citing only a portion of subsection (1)(a), which they apparently read as linking MAV to RMV. By ignoring the words "for the tax year beginning July 1, 1995, reduced by 10 percent," taxpayers fail to understand that although MAV was tied to the concept of RMV in Measure 50, the only tie was made with respect to the tax year beginning July 1, 1997, and in that case the reference point was 90 percent of the historical RMV of property for the tax year beginning July 1, 1995.

---

[1] ORS 308.153(3) specified the "lesser of MAV or RMV" rule. It carries into effect the provisions of the constitution that implicitly provide that AV is limited by the concept of MAV and explicitly provides that AV may never be more than RMV. *See* Or Const, Art XI, §§ 11(1)(b) and (f).

Second, taxpayers' assertion, made for a post-1997 year, completely ignores that MAV is stated in the constitution to be defined or limited by reference to the MAV for a prior year and not by reference to RMV.

## IV.  CONCLUSION

Measure 50 provides for a connection between RMV and MAV, albeit a fractional connection, only for the first year of the Measure 50 regime, which is 1997. It does not provide for such a connection for the year in question in this case. Taxpayers' contention that MAV for the year in question may not exceed the RMV determined for the property is erroneous and the department is entitled to summary judgment in its favor on that claim.