DECISION OF DISMISSAL
This matter is before the court on the Motion to Dismiss, filed April 24, 2008, by Defendant Multnomah County Assessor, requesting that the Complaint be dismissed.
A case management conference was held Monday, May 19, 2008. Laura Nguyen (Plaintiff) appeared on behalf of Plaintiffs. Steve Blixt, Appraiser, appeared on behalf of Defendant, Multnomah County Assessor.
During the conference, the parties discussed Plaintiffs' successful appeal of the subject property's 2007-08 real market value before the Multnomah County Board of Property Tax Appeals (BOPTA). BOPTA did not order a change in maximum assessed value. Plaintiffs' assessed value is their maximum assessed value which is less than the real market value set by BOPTA. Plaintiff stated that she is paying more property taxes than her neighbors who have larger homes.
Oregon's property tax system changed in 1997 when Measure 50 was passed.[1] Prior to the changes, there was a relationship or link between real market value and assessed value. *Page 2 
ORS 308.232 (1995). Under that system, when the real market value of a property increased, the assessed value would also increase. With the enactment of Measure 50, the link between real market value and assessed value was broken because assessed value is now based on the lesser of real market value or of the maximum assessed value. Maximum assessed value is a statutory value based on 90 percent of the real market value of the property as of 1995 or the real market value at the time the property is added to the tax roll. The law provides that for each successive year, the maximum assessed value in most cases will increase no more than three percent a year. Or Const, Art XI, § 11(1)(b); seealso ORS 308.146(1) (2007).
The assessed value of a property is the lesser of its real market value or its maximum assessed value. In this case, the assessed value of the subject property for tax year 2007-08 was its maximum assessed value because the maximum assessed value was less than the real market value. Even though BOPTA reduced the real market value of the subject property, there was no change in the maximum assessed value and assessed value, because there is no longer a direct link between real market value and assessed value. The court has similarly dismissed taxpayers' claims that a maximum assessed value reduction should occur following a real market value reduction. The court stated:
 "Taxpayers are fundamentally mistaken about the law. Under Measure 50 and the statutes implementing it, there is no linkage between the RMV [real market value] and MAV [maximum assessed value]. Instead, each value is determined and one of the two, the lesser, becomes, in any given year, the assessed value (AV) for the property."
Gall v. Dept. of Rev., 17 OTR 268, 270 (2003).
At the case management conference, Plaintiff explained that they are appealing their maximum assessed value. However, the Oregon Constitution makes no provision for reducing the maximum assessed value. The court held that the silence of section 11 with respect to *Page 3 
downward adjustments to maximum assessed value was a "conscious decision" showing an intent for "any value decreases [to] be reflected in the alternative to maximum assessed value: real market value."Taylor v. Clackamas County Assessor (I), 14 OTR 504, 510 (1999). The court commented that it was improbable that the drafters of section 11 gave detailed attention to events that increase value, but, through oversight, failed to provide for decrease in value. Id. Further, the court held that taxpayers cannot appeal the maximum assessed value of their property. See Ellis v. Lorati, 14 OTR 525 (1999).
Plaintiff complains that her tax burden is greater than that of her neighbors. The court has previously concluded that the current property tax system will result in some degree of nonuniformity. In Ellis v.Lorati, the court stated:
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of section 11 [of the Oregon Constitution]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity, specifically Article IX, section 1, and Article I, section 32."
Ellis, 14 OTR at 535.
"Nonuniformity in the property tax system" appears to be source of Plaintiff's discontent. Plaintiff listed the value and property taxes of various neighboring properties. Defendant reviewed the value and tax paid by one property owner, explaining that the property was placed on the tax roll in 2005 and its maximum value and assessed value is approximately $100,000 less than Plaintiffs', which results in lower property taxes. *Page 4 
At the conclusion of the case management conference, the court explained that it would grant Defendant's Motion to Dismiss because for the current year, 2007-08, Plaintiffs cannot appeal the maximum assessed value of their property. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ____ day of July 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanneron July 15, 2008. The Court filed and entered this document on July 15,2008.
[1] Measure 50 was codified at Article XI, section 11, of the Oregon Constitution. *Page 1