DECISION OF DISMISSAL
This matter is before the court on its own motion to dismiss Plaintiffs' appeal for lack of aggrievement. The appeal involves the assessed value (AV) of Plaintiffs' home for the 2007-08 tax year. The court discussed the matter with the parties at the initial case management conference held July 1, 2008. Richard Caruso (Caruso) appeared for Plaintiffs. Defendant was represented by Bryce Krehbiel (Krehbiel). For the reasons set forth below, the court finds dismissal is in order.
 I. STATEMENT OF FACTS
Plaintiffs purchased their home, identified in Defendant's records as Account 1759610, in June 2006, for $170,000.[1] Plaintiffs then undertook a major remodel, adding a garage, a bedroom and bathroom. Plaintiffs paid approximately $90,000 for their remodel.
The tax statement Plaintiffs received for the 2007-08 tax year reflected a real market value (RMV) of $302,667 and an AV of $176,156. The AV for the prior year was $135,383. The tax year 2007-08 RMV included $65,300 that Defendant determined was attributable to Plaintiffs' remodel, as the amount by which their market value increased. The court will refer to that *Page 2 
amount as "exception RMV." A portion of that exception RMV of $65,300 was added to the statutorily indexed AV of the property for the prior year in accordance with ORS 308.146(3)[2] and ORS 308.153, as explained more fully in the court's analysis below.
Plaintiffs appealed to the county board of property tax appeals (board) and the board reduced the RMV to $260,000. The board reduced the exception RMV by roughly $10,000, to $54,852 (from $65,300). Finally, the board reduced the AV from $176,156 to $170,282.
Plaintiffs appealed the board's order to this court, requesting that their AV be reduced to "under $150,000." (Ptfs' Compl at 1.) Plaintiffs are not challenging the $260,000 RMV nor the $54,852 exception RMV. Defendant, in its Answer, requested that there be no change to the RMV or AV, and, at the July 1, 2008, proceeding, Krehbiel questioned whether Plaintiffs were aggrieved.
 II. ANALYSIS
Plaintiffs' primary concern is with their AV and property taxes. Plaintiffs are not challenging the RMV or the exception RMV (value added due to construction). Caruso looked at the AV and property taxes of certain neighboring properties and found that the AV was, on average, approximately $135,000, compared to his AV of roughly $170,000, and concluded that Plaintiffs' AV should be $150,000 or, at the most, $155,000. Caruso also feels that his taxes are approximately $1,000 higher than they should be compared to those neighboring properties.
As the court explained during the July 1, 2008, hearing, there is no legal authority on the facts of this case for reducing Plaintiffs' AV without making changes to RMV or exception RMV — changes Plaintiffs have not requested and which do not seem warranted. The reason the court cannot reduce AV is because AV is a mathematical calculation established *Page 3 
under Measure 50 for the property's base year of 1997, and set thereafter according to the state's constitution and relevant statutes. A brief overview of Oregon's pre-and post-Measure 50 property tax system provides a helpful framework for understanding this case.
Prior to the enactment of Measure 50, "[a]ll real or personal property within each county [was] valued and assessed at 100 percent of its real market value." ORS 308.232 (1995). Thus, RMV and AV were the same (valued and assessed at its "real market value"), unless the property benefitted from an exemption or special assessment. Taxes were, and are, imposed on AV. ORS 310.090.
In May 1997, the Oregon voters approved a referendum (Measure 50) that radically altered Oregon's property tax system through an amendment to the state's constitution. Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls. See Or Const, Art XI, § 11(1)(a);[3] Ellis v. Lorati, 14 OTR 525, 532 (1999) (Lorati) (noting the history of the adoption of Measure 50). For tax years after 1997-98, "the property's maximum assessed value shall not increase by more than three percent from the previous tax year." Or Const, Art XI, § 11(1)(b);see also ORS 308.146(1) (providing that MAV is the greater of "103 percent of the property's assessed value from the prior year or 100 percent of the property's maximum assessed value from the prior year[.]")
Under Measure 50, AV (the amount on which taxes are paid) is the lesser of the property's MAV or RMV. ORS 308.146(2).[4] RMV was, and continues to be, the most probable *Page 4 
selling price of the property on the applicable assessment date of January 1 each year. ORS 308.232; ORS 308.205. RMV moves with the market and has, in recent years, risen annually by a considerable amount. With most residential property (as opposed to commercial), MAV is considerably less than RMV, which means that the property's AV is based on MAV rather than RMV. That being the case, MAV and AV have, in most cases, increased by only three percent per year, while RMV has risen considerably more than three percent each year.
Finally, and of considerable relevance here, under Measure 50 "there is no linkage between the RMV and MAV." Gall v. Dept. of Rev.,17 OTR 268, 270 (2003). Thus, a reduction in RMV has no impact on MAV and, in most cases, no impact on AV. Moreover, a property's AV cannot be adjusted independent of a change to RMV to achieve uniformity with similar nearby properties, as Plaintiffs have requested.
Plaintiffs' MAV and AV increased by more than three percent in 2007 because of the extensive remodel. As explained during the July 1, 2008, hearing, Defendant followed the procedures laid out in ORS 308.153(1), which provide for the calculation of MAV by increasing the prior year's MAV by three percent, and adding to that amount the product of the value attributable to the remodel "multiplied by the ratio * * * of the average maximum assessed value over the average real market value for the assessment year." Plaintiffs have not alleged that Defendant erred in calculating their MAV or AV. Rather, Plaintiffs simply desire an AV similar to the AV of nearby properties. Plaintiffs essentially seek uniformity.
Because AV is a mathematical calculation determined in accordance with the procedures explained above, the court cannot adjust Plaintiffs' AV to achieve uniformity with allegedly similar properties. Measure 50 explicitly excepts itself from the uniformity requirements of Oregon's constitution. Subsection (18) of Article XI, section 11 (Measure 50) provides that "Section 32, Article I, and section 1, Article IX of this Constitution, shall not apply to this *Page 5 
section." Those sections require uniformity.[5] See also Lorati,14 OTR at 535 (stating that Measure 50 "excuses itself from complying with other constitutional provisions requiring uniformity.") In fact, the court stated in Lorati that "[t]he concept [of MAV] may, over time, result in various degrees of nonuniformity in the property tax system."Id. The same is true of AV in this case, because AV is the same as MAV, and the distortions generated by the concept of MAV carry over into AV. Thus, Plaintiffs' uniformity concerns cannot be addressed by the court.
 III. CONCLUSION
The court concludes that Plaintiffs' appeal must be dismissed because their request for a reduction in AV to achieve what Plaintiffs perceive as uniformity with similar nearby properties is contrary to the constitution and statutory formula for calculating AV, as explained above. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ____ day of July 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on July 25, 2008.The Court filed and entered this document on July 25, 2008.
[1] The factual statements come from both the information submitted by the parties and statements made at the July 1, 2008, proceeding.
[2] All references to the Oregon Revised Statutes (ORS) are to 2005.
[3] Measure 50 is codified in ORS 308.146 through ORS 308.166.
[4] By way of example, assume that in 1995 a property has an RMV of $100,000, and that the RMV increases to $125,000 in 1997. Prior to Measure 50, the property's AV in 1997 would be $125,000 (the same as the property's RMV). However, under Measure 50, the property has an MAV in 1997 of $90,000 (90 percent of the property's 1995 RMV). And, because the MAV of $90,000 is less than the RMV of $125,000, the AV, which is the number against which taxes are imposed, is $90,000.
[5] Article I, section 32 provides in relevant part: "all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax."
Article IX, section 1, provides: "The Legislative Assembly shall, and the people through the initiative may, provide by law uniform rules of assessment and taxation. All taxes shall be levied and collected under general laws operating uniformly throughout the State." *Page 1