DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss (Motion), filed May 12, 2008. Defendant asserts Plaintiff has not demonstrated she is "`aggrieved' within the meaning of ORS 305.275
because plaintiff has not requested a reduction in real market value which will result in any reduction in tax payable by plaintiff for the year in question." (Def's Mot.) The court addressed Defendant's Motion at a hearing held by telephone July 23, 2008. Plaintiff appeared on her own behalf. Defendant was represented by Osei Banahene and Ron Rodwick, both appraisers in the county assessor's office.
 I. STATEMENT OF FACTS
The appeal involves Plaintiff's condominium unit, identified in the assessor's records as Account R568305. Plaintiff seeks a reduction in the real market value (RMV) and maximum assessed value (MAV) for the 2007-08 tax year. Plaintiff's appeal is timely from an order of the county board of property tax appeals (board). The board reduced the RMV from $520,780 to $454,750, but sustained the MAV and assessed value (AV) at $260,050.
Plaintiff contends Defendant unlawfully valued and taxed two parking spaces and a deck she acquired with the purchase of her condominium, which she asserts are collectively valued at approximately $64,000. Plaintiff bought the property in June 2005 for $443,182. Plaintiff has *Page 2 
requested a reduction in RMV for the 2007-08 tax year, which has a January 1, 2007, assessment date, to $414,296, and a reduction in MAV to $236,149. Plaintiff calculated those numbers by reducing the RMV for either the 2005-06 or 2006-07 tax year, applying a ratio of MAV to RMV to the reduced RMV, and then carrying that number forward to the year under appeal — tax year 2007-08.
 II. ANALYSIS
Defendant's request for dismissal is well taken. The current RMV is $454,750, and Plaintiff seeks a reduction to $414,296. Assuming Plaintiff could support her asserted value (RMV), there would be no reduction in property taxes because that amount ($414,296) is well above Plaintiff's MAV and AV of $236,149, and taxes are imposed on AV. Importantly, the court has previously stated that "there is no linkage between the RMV and MAV." Gall v. Dept. of Rev., 17 OTR 268, 270 (2003). Thus, a reduction in RMV does not reduce MAV unless, for the year at issue, a component of the MAV is based on new property or new improvements to property, which is not the case here. The reason lies in Measure 50, a 1997 voter approval referendum that substantially changed Oregon's property tax system.
Measure 50 established a new method for calculating AV through the concept of MAV, which, in 1997, was 90 percent of the property's 1995 RMV on the rolls. See Or Const, Art XI, § 11(1)(a);[1] Ellis v.Lorati, 14 OTR 525, 532 (1999) (noting the history of the adoption of Measure 50). For tax years after 1997-98, "the property's maximum assessed value shall not increase by more than three percent from the previous tax year." Or Const, Art XI, § 11(1)(b); see also ORS308.146(1)[2] (providing that MAV is the greater of "103 percent of the property's *Page 3 
assessed value from the prior year or 100 percent of the property's maximum assessed value from the prior year[.]")
Under Measure 50, AV (the amount on which taxes are paid) is the lesser of the property's MAV or RMV. ORS 308.146(2).[3] RMV is the most probable selling price of the property on the applicable assessment date of January 1 each year. ORS 308.232; ORS 308.205. RMV moves with the market and, until recently, has generally risen annually by considerably more than the three percent annual limit on increases to MAV.
Plaintiff's property was added to the rolls in 2006 as "new property." ORS 308.149(5)(a)(A) (defined as "changes in the value of property as the result of * * * [n]ew construction"); ORS 308.153 (setting forth the method for adding the value of new property to the rolls). The value of Plaintiff's property was determined for the 2006-07 tax year by multiplying the RMV of the condominium by the ratio of average MAV over average RMV for the assessment year, per ORS 308.153(1). For the 2007-08 tax year, Plaintiff's MAV was increased three percent, pursuant to the provisions of ORS 308.146(1). However, Plaintiff's RMV was determined based on Defendant's estimation of the likely selling price of the property on the January 1, 2007, assessment date.
A reduction in the RMV of Plaintiff's property for the 2006-07 tax year would produce a corresponding reduction in MAV and AV because that was the first year her property was placed on the rolls as 100 percent complete. However, the 2006-07 tax year is not under appeal. The appeal involves the 2007-08 tax year, and a reduction in RMV for the 2007-08 tax year legally *Page 4 
bears no relationship to the MAV and AV, as explained in Gall, discussed above. A reduction in RMV will not reduce Plaintiff's MAV and AV and, importantly, will not reduce her property taxes. Accordingly, Plaintiff is not aggrieved as required by ORS 305.275, and the appeal must be dismissed.
 III. CONCLUSION
The court has reviewed the matter and concludes that Defendant's Motion to Dismiss should be granted because the RMV reduction requested by Plaintiff will not reduce Plaintiff's AV or property taxes and Plaintiff is, therefore, not aggrieved. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this _____ day of August 2008.
[1] Measure 50 is codified in ORS 308.146 through ORS 308.166.
[2] References to the Oregon Revised Statutes (ORS) are to 2005.
[3] By way of example, assume that, in 1995, a property has an RMV of $100,000, and that the RMV increases to $125,000 in 1997. Prior to Measure 50, the property's AV in 1997 would be $125,000 (the same as the property's RMV). However, under Measure 50, the property has an MAV in 1997 of $90,000 (90 percent of the property's 1995 RMV). And, because the MAV of $90,000 is less than the RMV of $125,000, the AV, which is the number against which taxes are imposed, is $90,000. *Page 1