DECISION
Plaintiff is seeking a reduction in assessed value (AV) for the 2007-08 tax year. Defendant filed a Motion to Dismiss, asserting Plaintiff did not timely appeal from the order of the county board of property tax appeals (board). A hearing on the matter was held August 11, 2008. Plaintiff appeared on her own behalf. Defendant was represented by Barron Hartwell, a county appraiser.
 I. STATEMENT OF FACTS
The appeal involves Plaintiff's home, identified in the assessor's records as Account R175078. Defendant set Plaintiff's real market value (RMV) at $235,670 and the AV at $138,440. Plaintiff appealed to the board, and the Board reduced the RMV to $209,290, but sustained the AV. Plaintiff is not appealing the $209,290 RMV, but has requested a reduction in AV to $113,160 based on the AV of a neighboring property with a similar tax roll RMV.
The board mailed its order February 29, 2008. Plaintiff's appealed to this court was filed April 23, 2008, postmarked April 22, 2008. *Page 2 
 II. ANALYSIS
Plaintiff is seeking a reduction in AV following a board ordered reduction to RMV that was based on a recommendation from the assessor's office. The board mailed its order February 29, 2008. Plaintiff did not appeal within the 30 day period provided in ORS 305.280(4).[1] The appeal deadline was March 31, 2008, and Plaintiff's complaint was postmarked April 22, 2008. Accordingly, Defendant has moved for dismissal.
Notwithstanding Plaintiff's failure to timely appeal from the order of the board, the court can hear the appeal and order a reduction in value if one of the two circumstances set out in ORS 305.288 applies. Plaintiff, in this case, may satisfy one of those circumstances, having claimed under oath that she was prevented from timely appealing because she did not receive a copy of the board's order until she called the board clerk to inquire about the outcome of her appeal to that body. The board mailed a copy of its order April 8, 2008, and Plaintiff appealed within 30 days. Those circumstances may constitute "good and sufficient cause" under subsection (3) of ORS 305.288. The court need not ultimately rule on the good and sufficient cause question, however, because Plaintiff has requested relief that is contrary to law.
Under Oregon's current property tax system, there is no linkage between RMV and maximum assessed value (MAV), and the constitutional provision governing Oregon's property tax system (Measure 50) overrides the other constitutional requirements for uniformity in taxes. A brief overview of the relevant constitutional and statutory provisions reveals the problem.
Prior to the enactment of Measure 50, "[a]ll real or personal property within each county [was] valued and assessed at 100 percent of its real market value." ORS 308.232 (1995). Thus, RMV and AV were the same (valued and assessed at its "real market value"), unless the property *Page 3 
benefitted from an exemption or special assessment. Taxes were, and are, imposed on assessed value. ORS 310.090. Under that scheme, a reduction in RMV produced a corresponding reduction in AV, and a reduction in property taxes. However, as Plaintiff is now aware, things changed dramatically in 1997.
In May 1997, the Oregon voters approved a referendum that significantly altered Oregon's property tax system through an amendment to the state's constitution. Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls. See Or Const, Art XI, § 11(1)(a); Ellis v. Lorati, 14 OTR 525, 532-33 (1999) (Ellis) (noting the history of the adoption of Measure 50). Measure 50 is codified in ORS308.142 to ORS 308.166. Under Measure 50, AV is the lesser of the property's MAV or RMV. ORS 308.146(2). RMV was, and continues to be, the most probable selling price of the property on the applicable assessment date. ORS 308.232; ORS 308.205. Although RMV moves with the market, "the property's maximum assessed value shall not increase by more than three percent from the previous tax year." Or Const, Art XI, § 11(1)(b);see also ORS 308.146(1), (2). Thus, once MAV was established in 1997, it generally increases three percent annually. And, because MAV is typically lower than RMV, AV also rises three percent per year. RMV, on the other hand, has typically outpaced the annual three percent cap on increases to MAV and AV. Thus, a reduction in RMV has no impact on MAV and AV. This point was made clear in Gall v. Dept. of Rev., 17 OTR 268,270 (2003) (ruling that "there is no linkage between RMV and MAV" under Measure 50).
Plaintiff feels that her situation is different because the county allegedly made an error in the value of her property (RMV) back in 1993, raising her RMV following an inspection by a county appraiser that year. The resulting value was allegedly higher than similar neighboring *Page 4 
properties, a fact of which Plaintiff was unaware at the time. That error allegedly carried forward into 1995, the base year for calculation of her 1997 MAV, and has been compounded annually since then. Plaintiff insists that her AV is greatly out of alignment with neighboring properties. Plaintiff has provided a list of sales and property tax assessment values involving neighboring properties with similar RMVs and much lower AVs. Plaintiff is willing to accept the AV of one particular property which she asserts is identical to her home. That property has an RMV of $204,680 and an AV of $113,160. Plaintiff has requested a reduction in AV to $113,160.
Plaintiff's MAV and AV were the product of simple mathematical calculations, as explained above, with annual three percent increases. There is no link between RMV and MAV, and Measure 50 specifically excepts itself from the uniformity requirements of Oregon's constitution. Subsection (18) of Article XI, section 11 (Measure 50) provides that "Section 32, Article I, and section 1, Article IX, of this Constitution, shall not apply to this section." Those sections require uniformity.[2] Therefore, Plaintiff's concern over the lack of alignment in the AV of her property compared to similar neighboring properties, although perhaps true, cannot be acted upon by the court. As this court previously noted in Ellis, 14 OTR at 535 (1999), MAV is an artificial and arbitrary number that, over time, will produce "various degrees of nonuniformity in the property tax system," which is why Measure 50 excuses itself from the uniformity requirements of the state's constitution.
Plaintiff's problem, if, in fact, there is one, is with the 1993 RMV, and the court has no legal authority to rectify any error in that value. *Page 5 
 III. CONCLUSION
The court concludes that Plaintiff's appeal must be dismissed because her request for a reduction in AV to achieve what she perceives as uniformity with similar nearby properties is contrary to the constitution and statutory formula for calculating AV, as explained above. Plaintiff has requested a reduction in AV for the 2007-08 tax year without challenging the property's RMV, and such a unilateral reduction in AV is contrary to law. The board reduced Plaintiff's RMV, and Plaintiff has not appealed that value. Plaintiff's AV was established in accordance with Measure 50, codified in ORS 308.146(1). There is no legal authority for reducing AV (or MAV) to provide for uniformity with other allegedly similar properties. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.
Dated this ____ day of August 2008.
[1] Unless otherwise specified, all references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Article I, section 32 provides in relevant part: "all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax."
Article IX, section 1, provides: "The Legislative Assembly shall, and the people through the initiative may, provide by law uniform rules of assessment and taxation. All taxes shall be levied and collected under general laws operating uniformly throughout the State." *Page 1