DECISION
A case management conference was convened on February 18, 2009. Gary L. Messing and Sharon K. Messing appeared on their own behalf. Kara Driskell represented Defendant.
Plaintiffs seek a reduction in their 2008-09 real property taxes.
 I. STATEMENT OF FACTS
The subject property is a single-family residence located in Keizer, Oregon. Plaintiffs appeal the 2008-09 assessed value of the property that is identified in Defendant's records as Account R50110. Originally, Defendant assigned the property a real market value (RMV) of $296,750 and a maximum assessed value (MAV) of $208,750. Upon a review requested by Plaintiffs, the RMV was reduced to $269,900; the MAV was not changed. Plaintiffs contend that "since the RMV of [their] house has been reduced, then the Assessed Value and the resulting property tax should also be reduced." (Ptfs' Compl at 2.) They seek a further reduction to the MAV. Plaintiffs do not contest the existing RMV of the property.
Plaintiffs acquired the property in April of 2008; they paid $266,000. They provided evidence of the assessed values of other homes in the neighborhood. The parties agree the area homes are assessed at differing levels and there is no consistent uniformity among similar properties. *Page 2 
 II. ANALYSIS
In May 1997, Oregon voters passed by referendum Measure 50 (M50), which substantially modified the property tax system in the State of Oregon. Prior to M50, a property was taxed at its RMV. Due to increasing values, Oregon voters chose to limit the growth of assessed values. In doing so, M50 created the concept of MAV. For the 1997-98 tax year, which was the implementation year for M50, the MAV was calculated by taking the property's 1995-96 RMV and subtracting 10 percent. Or Const, Art XI, §11(1)(a). M50 provides that, for each successive year, the MAV will generally increase no more than three percent a year. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1).[1] The measure also requires counties to maintain a record of the property's RMV because a property is to be taxed at the lesser of its MAV or its RMV. Or Const, Art XI, § 11(1)(f); see also ORS 308.146(2). The two independent numbers are derived from different sources. The RMV is rooted in current market activity. The MAV is usually an historic computation that cannot be adjusted by an assessor or this court.[2]
In Gall v. Dept. of Rev., 17 OTR 268,270 (2003), the court stated:
 "Under Measure 50 and the statutes implementing it, there is no linkage between the RMV and MAV. Instead, each value is determined and one of the two, the lesser, becomes, in any given year, the assessed value (AV) for the property."
Under those facts, Plaintiffs are not automatically entitled to a reduction in MAV simply because the RMV was changed. *Page 3 
This court has many times repeated its holding on the subject of uniformity in Ellis v. Lorati:
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of [Measure 50]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) [of the Oregon Constitution] contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity * * * ."
14 OTR 525, 535 (1999).
The absence of assessment uniformity is not a factor to cause an assessment reduction. The court finds, therefore, that it is without authority to adjust the MAV based on Plaintiffs' allegations of a pro rata relationship between RMV and MAV. ORS 308.146.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that this appeal is denied.
Dated this ____ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on February26, 2009. The Court filed and entered this document on February 26,2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] There are certain exceptions for new construction that do not apply to that situation.