DECISION OF DISMISSAL
Plaintiffs appeal concerning the 2008-09 tax year. They contend the maximum assessed value (MAV) of their property should be reduced.
The subject property is a single-family residence located near Sisters, Oregon. Plaintiffs appeal the 2008-09 assessed value of the property. identified as Account 177844. Originally, Defendant assigned the property a real market value (RMV) of $179400 and an MAV of $82,900. Upon a review by the Deschutes County Board of Property Tax Appeals, the RMV was reduced to $154,000; the MAV was not changed. Plaintiffs contend the court should "reduce total assessed value by the same percentage as real market value was reduced to $71,294.00." (Ptfs' Compl at 1.) They seek that further reduction to the MAV. Plaintiffs do not contest the existing RMV of the property.
 I. ANALYSIS
In May 1997, Oregon voters passed by referendum Measure 50 (M50), which substantially modified the property tax system in the State of Oregon. Prior to M50, a property was taxed at its RMV. Due to increasing values, Oregon voters chose to limit the growth of assessed values. In doing so, M50 created the concept of MAV. For the 1997-98 tax year, which was the implementation year for M50, the MAV was calculated by taking the property's *Page 2 
1995-96 RMV and subtracting 10 percent. Or Const, Art XI, § 11(1)(a). M50 provides that, for each successive year, the MAV will generally increase no more than three percent a year. Or Const, Art XI, § 11(1)(b);see also ORS 308.146(1).[1] The measure also requires counties to maintain a record of the property's RMV because a property is to be taxed at the lesser of its MAV or its RMV. Or Const, Art XI, § 11(1)(f); seealso ORS 308.146(2). The two independent numbers are derived from different sources. The RMV is rooted in current market activity. The MAV is usually an historic computation that cannot be adjusted by an assessor or this court.[2]
In Gall v. Dept. of Rev., 17 OTR 268,270 (2003), the court stated:
 "Under Measure 50 and the statutes implementing it, there is no linkage between the RMV and MAV. Instead, each value is determined and one of the two, the lesser, becomes, in any given year, the assessed value (AV) for the property."
Under these facts, Plaintiffs are not automatically entitled to a reduction in MAV simply because the RMV was changed.
This court has many times repeated its holding on the subject of uniformity in Ellis v. Lorati:
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of [Measure 50]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) [of the Oregon Constitution] contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity * * * ."
14 OTR 525, 535 (1999).
The absence of assessment uniformity is not a factor to cause an assessment reduction. The court finds, therefore, that it is without authority to adjust the MAV based on Plaintiffs' allegations of a pro rata relationship between RMV and MAV. ORS 308.146. *Page 3 
 II. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of December 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on December15, 2009. The Court filed and entered this document on December 15,2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] There are certain exceptions for new construction that do not apply to this situation. *Page 1