DECISION OF DISMISSAL
This matter is before the court on Defendant's written Motion to Dismiss (motion) Plaintiff's property value appeal concerning certain real property identified as assessor's Account R209993, for the 2008-09 tax year. An initial proceeding was held in the matter July 30, 2009. Plaintiff filed a written response to Defendant's motion On September 1, 2009, by and through his attorney Larry R. Davidson (Davidson). The court heard argument on the motion November 16, 2009. Plaintiff was represented by Davidson. Defendant was represented by Richard Sanderman and Barron Hartwell, appraisers with the county assessor's office.
 I. STATEMENT OF FACTS
The appeal involves a lot with several small, uninhabitable residential buildings that were apparently demolished by vandals. Due to the poor condition of the structures, and ongoing violations of applicable building codes, Plaintiff was ordered by city officials to remove the buildings. While the violations were outstanding, Plaintiff incurred monthly code enforcement fees.
Plaintiff filed demolition permits in August 2007. However, due to unrelated extenuating circumstances involving local government officials, the buildings were not actually removed until May or June of 2008. Pictures of the buildings support Plaintiff's contention that the *Page 2 
structures were in a deplorable condition and unlivable. Clearly, the value of the buildings was negligible, if not negative (due to lack of value and cost of removal). Defendant acknowledges that fact.
Plaintiff has requested that the court order the value of the improvements (the buildings) be removed from the assessment and tax rolls. In his Complaint, Plaintiff requested that the real market value (RMV) of the buildings be removed and, during argument at the November 2009 hearing, requested that there be a proportionate reduction in the assessed value (AV).
In its motion, Defendant asserts Plaintiff is not aggrieved because the requested reduction in RMV would not produce a corresponding reduction in property taxes. Plaintiff's short response is that the proportionate reduction in AV would generate a tax savings. The dispute focuses on the meaning and interpretation of ORS 308.146(8)(a)[1] — particularly the words "demolished" and "removed."
 II. ANALYSIS
Under Oregon's property tax system, AV is the lesser of the property's RMV or maximum assessed value (MAV). ORS 308.146(2). MAV was established in 1997 as 90 percent of the property's 1995 RMV (back two years, less 10 percent). Or Const, ArtXI, § 11 (1)(a). Each year thereafter, MAV "shall not increase by more than three percent from the previous tax year." Or Const, ArtXI, § 11 (1)(b); see also ORS 308.146(1) (providing that a property's MAV is the greater of 103 percent of the property's prior year AV, or 100 percent of the property's prior year MAV). RMV is "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction * * *." ORS 308.205(1). Thus, as this court has repeatedly stated, there *Page 3 
is no link between MAV and RMV. Gall v. Dept. of Rev.,17 OTR 268, 270 (2003). Moreover, a reduction in RMV does not produce a reduction in AV unless: (1) the AV is based on RMV (where,e.g., the RMV is less than the MAV), or (2) the reduced RMV falls below MAV. Neither is the case with Plaintiff's property. Accordingly, reducing Plaintiff's value by completely erasing the improvement RMV would not reduce Plaintiff's AV, or his property taxes. Defendant submitted a worksheet showing the calculation of taxes under Measure 5 (which provides general limits on the taxes imposed against RMV) and Measure 50. (Def's Mot to Dismiss at 2.) According to the worksheet, a reduction in RMV to the amount requested by Plaintiff still results in a higher tax under Measure 5 applied to RMV as compared to the taxes under Measure 50 applied to AV. As such, Plaintiff is not aggrieved.
As with most rules, there are exceptions, including the rule in ORS 308.146(1) and (2) providing for a general three percent annual rise in MAV and AV. As applicable to this case, the focus of the parties is on subsection (8)(a) of ORS 308.146. That statute provides:
 "Notwithstanding subsection (1) of this section [providing generally for a three percent cap on annual increases to MAV], when a building is demolished or removed from property, for the year in which the demolishment or removal of the building is reflected by a reduction in real market value, the maximum assessed value of the property may be reduced to reflect the demolishment or removal of the building."
ORS 308.146(8)(a) (emphasis added).
In this case, there was neither a demolishment nor removal of the buildings before the January 1, 2008, assessment date applicable to the 2008-09 tax year. Plaintiff acknowledges that the buildings were still standing on January 1, 2008. However, Plaintiff stresses that the buildings had no value and would have been torn down, but for the intervention of various "bureaucratic" entities. Plaintiff notes that the buildings could not be used, and the situation is akin to destruction by fire, where the building remains for a period of time after the fire while the *Page 4 
fire marshal performs an arson investigation. Plaintiff characterizes his situation as a "constructive" removal. Defendant acknowledges that the improvement value is probably overstated, but insists that under the law a reduction in AV is not allowed. The court agrees.
The court is not completely unsympathetic to Plaintiff's situation. However, Plaintiff did petition the board of property tax appeals (board) and was unable to persuade the board members that an RMV reduction was appropriate. Moreover, as explained above, had the board reduced the value, the reduction would only have been to the RMV, and the AV would have remained unchanged, with the result that the taxes would not have been reduced. Additionally, ORS 308.146(8)(a) does not allow for a reduction in AV unless the buildings are actually demolished or removed. Neither the statute nor corresponding administrative rule recognize constructive demolition. As with many things in life, timing is important. Because the parties agree that the structures were removed during calendar year 2008, a reduction in MAV and AV to reflect the diminution in value caused by the removal of the buildings will occur for the 2009-10 tax year.
Finally, subsection (6) of ORS 308.146 provides the property owner with an opportunity to apply to the assessor to have the RMV and AV determined as of July 1 of the current assessment year in the case of property either "destroyed" or "damaged" between January 1 and July 1. However, the statute requires that the property owner file an application with the assessor. ORS 308.146(6)(b). It is not clear to the court when Plaintiff's buildings were damaged but, depending on the timing, value reductions for the 2008-09 tax year may have been allowed under that provision had Plaintiff filed the requisite application. Plaintiff, however, did not make such an application.
Plaintiff feels Defendant and the court are being overly picky in relying on certain technical aspects of the law when "common sense" makes it obvious that, regardless of the *Page 5 
avenue taken, reductions should be ordered and excess taxes refunded. However, the legislature has not given the court any additional latitude to go back and retroactively change the values under either subsection (6) or (8) of ORS 308.146 and, under the facts of this case, there is no other statutory authority for this court to make the changes Plaintiff seeks. As explained above, a reduction in RMV equivalent to the entire value of the structures is not helpful to Plaintiff in his quest for a reduction in taxes because the resulting RMV would still be greater than the AV.
 III. CONCLUSION
The court concludes that Defendant's Motion to Dismiss should be granted because Plaintiff is not aggrieved in that the requested reduction in RMV would not reduce Plaintiff's property taxes. The provisions allowing for reductions in AV under subsections (6) and (8) of ORS 308.146 are inapplicable, the former because no application was filed (assuming the other requirements would have been satisfied), and the latter because the buildings were not actually demolished or removed before January 1, 2008. Accordingly, Plaintiff is not entitled to a reduction in values. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted and Plaintiff's appeal is dismissed.
Dated this ___ day of December 2009.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged. *Page 6 This document was signed by Magistrate Dan Robinsonon December 22, 2009. The Court filed and entered this documenton December 22, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1