DECISION
This matter is before the Court on Defendant's Motion to Dismiss (Motion) Plaintiffs' valuation appeal for the 2009-10 tax year. Defendant's motion was filed with the court April 28, 2010. In its Motion, Defendant argues Plaintiffs are not "`aggrieved' within the meaning of ORS 305.275 because plaintiff[s] ha[ve] requested a reduction in maximum assessed value that is contrary to ORS 308.146." Plaintiffs filed a written Reply to Motion to Dismiss on May 17, 2010, disagreeing with Defendant's position and contending that ORS 308.146 is inapplicable to their case because they are appealing under the provisions of ORS 305.288 and the court's "broad inherent powers * * * to correct unfair situations in the tax code." (Ptfs' Reply at 2.)
The court held a hearing on the matter May 19, 2010. Plaintiffs appeared on their own behalf and argued against Defendant's motion. Ken Collmer, an appraiser with the assessor's office, appeared for Defendant. After hearing Plaintiffs' argument, the court ruled orally in favor of Defendant. Plaintiffs requested a detailed explanation of the court's rationale in order to prepare for their anticipated appeal of the court's ruling. Plaintiffs are adamant that this court is not correctly applying the law to their unique situation. This decision embodies the rationale of the court's ruling. *Page 2 
 I. STATEMENT OF FACTS
The appeal involves the assessed value (AV) of Plaintiffs' home for the 2009-10 tax year. The subject property is an older structure built in the 1920s, and apparently remodeled in 2007. Plaintiffs purchased the home in mid-September 2009. (Ptfs' Compl at 3.) The property is identified in the assessor's records as Account R588826.
According to Plaintiffs, the home originally sat on two tax lots, with a large yard. (Id.) Prior to their purchase, the previous owners (identified by Plaintiffs as "investors") moved the lot line and partitioned the property, reducing the size of the lot of the original homesite and creating a separate buildable lot. (Id.) Plaintiffs' home sits on a lot approximately two-thirds of its original size. (Id.) In January 2009, the investors began constructing a large home on the newly created buildable adjoining lot that was split off from the original larger property. Plaintiffs state that the adjoining lot is 3400 square feet, and the new home is a three-story structure, 3000 square feet in size, and extending "30 feet tall along the entire western length of our house and our front yard." (Ptfs' Compl at 3.) Plaintiffs believe that the construction of the home next door reduced the value of their property by half, as reflected by the real market value (RMV) reduction discussed below, and that the AV should be reduced as well. Failure to make such an adjustment results in unfair taxation, according to Plaintiffs.
Plaintiffs are first-time home buyers. (Ptfs Compl at 3.) They purchased the subject property in mid-September 2009 for $480,000. (Id.) At the time of their purchase, construction of the neighboring home was well underway. The RMV on the assessment and tax rolls as of January 1, 2009 (the assessment date for the 2009-10 tax year) was $774,880. (Id. at 2.) The maximum assessed value (MAV) and AV were $400,710. (Id.) *Page 3 
Plaintiffs timely appealed the RMV and AV to the county board of property tax appeals (BOPTA) and BOPTA reduced the RMV to the $480,000 purchase price, apparently based at least in part on the assessor's recommendation. BOPTA sustained the AV at $400,710. Plaintiffs are appealing BOPTA's failure to reduce their AV.
There appears to be no dispute that the RMV of the property is $480,000. Plaintiffs have requested a reduction in the AV to $264,000 based on the "average rate of assessed value to market value in Multnomah County," which Plaintiffs assert is 55 percent. (Ptfs' Compl at 4.)
Plaintiff's believe their AV and taxes are too high and that the "assessed value is just a historical quirk left over from when the house was on one larger lot and needs to be adjusted." (Ptfs' Compl at 4.) Plaintiffs go on to state that "[t]his is a unique circumstance not related to any decrease in housing values in the housing market overall. The average rate of assessed value to market value in Multnomah County is 55%, while ours is 83% ($400,000 over $480,000)." (Id.)
 II. ANALYSIS
Oregon has a structured appeals system for taxpayers to follow when challenging the value assigned to their property. The first step in the appeal process is to file a petition with the local county BOPTA where the property is located. ORS 309.026(2) (authorizing BOPTA to hear petitions for reductions in assessed value, real market value and maximum assessed value); ORS 309.100(1) (authorizing property owners and others with an interest in the property to petition BOPTA for the types of relief allowed under ORS 309.026); ORS 305.275(3) (precluding appeals to the magistrate division of the Tax Court if a taxpayer may appeal to BOPTA).[1] Taxpayers are required to file appeals with BOPTA by December 31 of the current tax year. ORS 309.100(2). Taxpayers unhappy with the BOPTA decision can appeal to the magistrate division of the Tax Court. *Page 4 
ORS 305.275(3). Plaintiffs followed that procedure for the 2009-10 tax year, and BOPTA reduced their RMV approximately $295,000, from $774,880 to $480,000. BOPTA did not reduce their AV. Plaintiffs believe a reduction in AV is warranted and propose an AV of $264,000 based on an asserted average ratio of RMV to AV in Multnomah County of 55 percent.
As explained during the May 19, 2010, proceeding, the court has no legal authority to grant the relief Plaintiffs have requested. That is because there is no linkage between RMV and MAV.Gall v. Dept. of Rev., 17 OTR 268, 270-71 (2003). RMV represents the market value (i.e., likely selling price) of a property. See generally ORS 308.205(1) (defining RMV as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year"). MAV was established in 1997 as 90 percent of the property's 1995 RMV on the rolls, [2] with annual increases thereafter of three percent.[3] Finally, AV is the lesser of the property's RMV or MAV. ORS 308.146(2). Thus, whereas RMV is tied to market conditions that can vary each year both in terms of direction (up or down) and magnitude (a little or a lot), MAV is a simple mathematical calculation based on an annual *Page 5 
increase of three percent. And, AV is simply the lesser of RMV or MAV. ORS 308.146(2).[4] Plaintiffs' request for a reduction in AV is simply contrary to law.
In Gall, the Regular Division of the Tax Court held:
 "Taxpayers are fundamentally mistaken about the law. Under Measure 50 and the statutes implementing it, there is no linkage between the RMV and MAV. Instead, each value is determined and one of the two, the lesser, becomes, in any given year, the assessed value (AV) for the property."[5]
17 OTR at 270-71.
Plaintiffs insist they are aggrieved and that their case has nothing to do with ORS 308.146. Plaintiffs are aggrieved, they contend, because the values appearing on their tax bill were later acknowledged to be inaccurate, and they are "an aggrieved party from this incorrect 2009 County Tax Bill sent to us by County officials and qualify under section 305.275." (Ptfs' Reply at 3.) Plaintiffs further argue that their case is not governed by the provisions of ORS 308.146, but rather by ORS 305.288. (Id.) In support of that contention, Plaintiffs assert that there was a 20 percent valuation mistake as evidenced by BOPTA's RMV reduction from $774,880 to $480,000. (Id.) Plaintiffs go on to assert that they have "alleged *Page 6 
good cause because [they] are being taxed at such a high rate" of 83 percent, which is "above what everyone else is paying." (Id. at 3-4.) Again, Plaintiffs simply misunderstand the law.
As the court explained during the May 19, 2010, proceeding, ORS 305.288 has no applicability to Plaintiffs' appeal. ORS 305.288(1)(b) provides the court with the authority to reduce the value of a property where:
 "[t]he change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent." (Emphasis added.)
The error in value was originally in excess of 20 percent, and it was an error in RMV. However, that error was rectified by the BOPTA reduction. Plaintiffs are not seeking a further reduction in RMV, and subsection (1) of ORS 305.288 is therefore inapplicable.
As for Plaintiffs' "good cause" argument, the reference is to subsection (3) of ORS 305.288 which provides in relevant part:
 "[t]he tax court may order a change or correction applicable to a separate assessment of property * * * for the current tax year * * * if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal." (Emphasis added.)
Plaintiffs pursued their statutory right of appeal by timely petitioning the county BOPTA and timely appealing the BOPTA order to this court. They are neither taxpayers who have "no statutory right of appeal remaining," nor taxpayers who failed "to pursue the statutory right of appeal," which are some of the requirements for relief under ORS 305.288(3).
While Plaintiffs feel that their situation is somehow unique and different from other taxpayers because the decline in the value of the property is due to the construction of the home next door rather than a general decline in market values, the plain truth is that under Oregon's *Page 7 
law, the reason for the decline in value is largely irrelevant. Moreover, while Plaintiffs are correct that the legislature enacted ORS 305.288 as a safety valve to rescue certain taxpayers, a taxpayer must fit within the provisions of the statute and Plaintiffs do not meet the statutory criteria. Whether Plaintiffs like it or not, the reason that they are not receiving a reduction in AV and property taxes is because of the constitutional and statutory changes brought about by Measure 50 and discussed above. Notably, AV is the lesser of RMV and MAV and a reduction in RMV does not necessarily result in a reduction in AV. ORS 308.146 is the governing statute. Finally, the court does not have the "broad inherent powers" Plaintiffs believe were vested in it by the legislature to correct "unfair situations in the tax code like [theirs]." (Ptfs' Reply at 2.) While the court could go on at length about the relative merits and inequities built into Measure 50, such a discussion would add nothing to the outcome of the case, nor benefit either bench or parties.
 III. CONCLUSION
Based on the foregoing, the court concludes that Plaintiffs are not entitled to a reduction in their assessed value. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal must be denied.
Dated this___ day of July 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged. *Page 8 This Decision was signed by Magistrate Dan Robinsonon July 23, 2010. The court filed and entered this Decisionon July 23, 2010.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to the 2007 edition.
[2] Or Const, Art XI, § 11(1)(a) (providing that a property shall have a MAV for the 1997-98 tax year "that does not exceed the property's real market value for the tax year beginning July 1, 1995, reduced by 10 percent.").
[3] Or Const, Art XI, § 11(1)(b) (providing that "[f]or tax years beginning after July 1, 1997, the property's maximum assessed value shall not increase by more than three percent from the previous tax year"); ORS 308.146(1) (providing that MAV is the greater of 103 percent of the property's prior year AV, or 100 percent of the property's prior year MAV).
[4] ORS 308.146 provides in relevant part, as follows:
 "(2) Except as provided in subsections (3) and (4) of this section, the assessed value of property to which this section applies shall equal the lesser of:
 "(a) The property's maximum assessed value; or
 "(b) The property's real market value."
Subsection (3) (providing for exceptions to the general annual three percent statutory increase to MAV) and subsection (4) (providing special rules for exempt and specially assessed property) are inapplicable in this case.
[5] Although the court in Gall rejected the claim there was a link between RMV and MAV, that statement generally applies with equal force to AV, because in most residential property value appeals, MAV and AV are, by virtue of the law, the same. That is the case in the instant appeal.