DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss (motion), Defendant asserting that Plaintiffs have not shown that they are "`aggrieved' within the meaning of ORS 305.275 because [they] ha[ve] requested a reduction in maximum assessed value that is contrary to ORS 308.146." (Def's Mot to Dismiss at 1.)
In their Complaint, filed with the court on April 20, 2010, Plaintiffs request a reduction in maximum assessed value (MAV) for the 2009-10 tax year for property identified as Account R273459. (Ptfs' Compl at 1.) The basis for the requested reduction in value is an alleged error in square footage of the home in the order of 20 percent. (Id.) During a court hearing on the motion, Justin Norman explained that, based on his understanding that assessed value (AV) is a percentage of real market value (RMV), he believed that he was entitled to, and was therefore requesting, a reduction in AV "of about 25 percent."
Defendant is correct in asserting that Plaintiffs are not aggrieved. Plaintiffs are not aggrieved because there is no direct correlation or "linkage" between RMV and MAV, and a reduction in RMV due to an error in square footage does not, per se, necessitate or generate a reduction in MAV or AV. Gall v. Dept. of Rev.,17 OTR 268, 270 (2003) (ruling that "there is no linkage between the RMV and MAV" under Measure 50). RMV for property tax purposes *Page 2 
fluctuates annually with market conditions and, depending on the magnitude of the error in square footage (and perhaps other factors), the value (RMV) of a structure on the assessment and tax rolls may be correct notwithstanding the error in square footage. MAV is governed by the Oregon Constitution and under Article XI, sections 11(1)(a)-(b), it states that the MAV in 1997 was 90 percent of the property's 1995 RMV, and increases annually thereafter by three percent over the prior year's MAV. Finally, under Measure 50, AV is the lesser of the property's MAV or RMV. ORS 308.146(2)[1] .
Although the court has indicated above that a square footage error does not necessarily (or "per se") reduce MAV or AV, the legislature has made a specific provision for corrections to MAV due to errors in square footage. That provision states:
 "Pursuant to a petition filed under this section, the assessor may correct the maximum assessed value of the property for the current tax year if there is a demonstrated difference between the actual square footage of the property as of the assessment date for the current tax year and the square footage of the property as shown in the records of the assessor for the tax year."
ORS 311.234(2) (Emphasis added.)
However, relief is not available to Plaintiffs for the 2009-10 tax year because a petition was required to have been filed with the county assessor before December 31, 2009. Seegenerally ORS 311.234(2) (providing that corrections under ORS 311.234 are made to the assessor's office) and ORS 311.234(5) (providing that the petition "must be on the form and contain the information prescribed by the Department of Revenue and must be filed with the county assessor on or before December 31 of the current tax year"). Plaintiffs' Complaint identified 2009-10 as the tax year under appeal, and was filed with the court in April 2010. The "current tax year" at the time of filing of the Complaint was 2009-10, because that tax year ended June 30, 2010.See generally ORS 308.007. *Page 3 
Plaintiffs are not completely without a remedy because they can petition the assessor for the 2010-11 tax year, provided they do so before December 31, 2010. The court offers no opinion as to whether that petition will or should be granted. That is a determination to be made by the assessor.
Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' Complaint is dismissed for lack of jurisdiction.
Dated this___day of October 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon October 28, 2010. The Court filed and entered this documenton October 28, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.