ORDER GRANTING DISMISSAL
This matter is before the court on the Motion to Dismiss filed by the Department of Revenue (department). Plaintiffs (taxpayers) filed a response to the motion. Neither party requested oral argument on the motion.
In this property tax case, taxpayers concede, and the record demonstrates, that taxpayers do not contest the determination of real market value (RMV) as determined by the relevant Board of Property Tax Appeals (BOPTA). Rather they insist that the assessed value (AV) of the property must be reduced even though the maximum assessed value (MAV) of the property is lower than the RMV as determined by BOPTA. Taxpayers wish to have the MAV and AV of their property reduced so that the relationships of AV to RMV for their property approximates that which they allege exists for similar properties. *Page 2 
That argument is without merit given the operation of the statutes implementing Measure 50. Gall v. Dept. of Rev., 17 OTR 268 (2003). Recognizing this, taxpayers assert in opposition to the department's motion that such statutes and the Oregon constitutional provisions commonly known as Measure 50, as interpreted in Gall, violate the provisions of the Equal Protection Clause of theFourteenth Amendment to the United States Constitution.
This argument is without merit. In Nordlinger v. Hahn,505 US 1, 112 S Ct 2326, 120 L Ed 2d 1 (1992), the United States Supreme Court addressed this exact question in consideration of similar property tax limitation provisions under what is commonly known as California's "Proposition 13." That set of property tax limitation rules grew out of popular dissatisfaction similar to that which led to the adoption of Oregon's Measure 50. The mechanisms of Proposition 13 and Measure 50, while not identical, are, in all material respects, similar limitations on the increase in tax base. Both rely, to a greater or lesser extent, on historical values and limited increases to those values. The mechanisms of Proposition 13, like those of Measure 50, can result in what the Supreme Court described as "dramatic disparities in the taxes paid by persons owning similar pieces of property."Nordlinger, 505 US at 6. The Supreme Court, however, ruled that limitations on the growth of the property tax base of individual properties did not violate the Equal Protection Clause, even if those provisions resulted in a substantial lack of uniform correlation between tax burden and fair market value of property.
As to taxpayers' federal constitutional claim, Nordlinger is dispositive.
Taxpayers also assert that ORS 305.288 provides relief to them.[1]
They have not, however, alleged a RMV for their property different from the roll value of property. *Page 3 
ORS 305.288 applies only where such difference is at least twenty percent. Further, ORS 305.288, a statute providing for procedural relief in certain cases, does not provide for the substantive remedy taxpayers seek.[2] Now, therefore,
IT IS ORDERED that Defendant's Motion to Dismiss is granted. Costs awarded to neither party.
Dated this ___ day of December, 2010.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON DECEMBER 7, 2010, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
[2] ORS 305.288 also provides possible relief from a failure to appeal to BOPTA. That situation does not exist in this case.
 *Page 1