DECISION OF DISMISSAL
This matter is before the court on its own motion to dismiss Plaintiff's appeal for lack of jurisdiction because Plaintiff is not aggrieved and, therefore, lacks standing.
The appeal involves the 2008-09 tax year, and a request for reduction in real market value (RMV) of property identified in the assessor's records as Account R886215. Plaintiff requested the RMV be lowered from $37,430 to $32,500. Plaintiff also requested a reduction in assessed value (AV) from $16,410 to $14,500.
Defendant indicated that, if the court were to reduce the RMV to $32,500, Plaintiff would not experience any tax savings because the AV is $16,410, a number considerably less than the $32,500 requested RMV. The court ruled orally during the July 8, 2009, initial case management conference, that it would have to dismiss Plaintiff's appeal because Plaintiff is not aggrieved. The following brief explanation conveys the court's reasoning.
This court has previously ruled, on numerous occasions, that the statutory requirement found in ORS 305.275[1] — that a taxpayer be "aggrieved"[2] — means that the requested reduction in *Page 2 
value will reduce property taxes. See e.g., Paris v. Dept. of Rev., TC 4831, WL 4801342 (Order Nov. 5, 2008); Sherman v. Dept. of Rev., 17 OTR 322
(2004); Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000); Parks WestsacL.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999); Taylor v. Clackamas CountyAssessor, TC-MD No 080527D, WL 323492 *5 (Feb 2009); Oden-Orr v.Multnomah County Assessor, TC-MD No 070295C, WL 1745220 *1 (June 2007);Frank v. Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (June 2005).
The reason Plaintiff's requested RMV will not reduce his property taxes is because of Oregon's unique property tax system, a system that was changed dramatically by the voters in Oregon in May 1997 with the passage of Ballot Measure 50, which amended Oregon's Constitution. See generally
Or Const, Art XI, § 11.
Prior to the passage of Measure 50, the property's RMV was generally the same as the AV, and a reduction in RMV would produce a corresponding reduction in AV, which, in turn, would reduce property taxes. Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls.See Or Const, Art XI, § 11(1)(a); Ellis v. Lorati, 14 OTR 525, 532-33
(1999) (noting the history of the adoption of Measure 50). Measure 50 is codified in ORS 308.142 to ORS 308.205. After 1997, MAV generally increases three percent annually. Or Const, Art XI, § 11(1)(b); seealso ORS 308.146(1), (2)[3] . Measure 50 also requires counties to maintain a record of the property's RMV because a property is to be taxed at the lesser of its MAV or its *Page 3 
RMV. Or Const, Art XI, § 11(1)(f); see also ORS 308.146(2). RMV is the market value (i.e., likely selling price) of a property on the applicable assessment date, which in this case was January 1, 2008. Finally, AV is the lesser of the property's RMV or MAV. ORS 308.146(2). Thus, under Measure 50, once the property's MAV is established, there is no linkage between RMV and MAV. Gall v. Dept. of Rev., 17 OTR 268, 270 (2003). RMV is tied to market conditions that can vary each year both in terms of direction (up or down) and magnitude, whereas MAV is a simple mathematical calculation that in most cases simply amounts to an annual increase of three percent.
As indicated above, Plaintiff's MAV and AV is $16,410, and the requested reduction in RMV is $32,500. Because that number ($32,500) is greater than the property's MAV and AV, a reduction in RMV to $32,500 would not reduce Plaintiff's MAV or AV, and there would be no property tax savings.
Plaintiff has also requested a reduction in AV from $16,410 to $14,500. However that request was based on the mistaken belief that a reduction in RMV automatically generates a corresponding reduction in AV, a premise refuted by the court in Gall, as explained above. In that case, the court noted:
 "In their pleadings and other writings * * * taxpayers assert that under Measure 50, when there is a reduction in the real market value (RMV) of a property, the maximum assessed value (MAV) must also be lowered. In essence, taxpayers' position is that there is a linkage between RMV and MAV under Measure 50, at least in instances where RMV is reduced."
Gall, 17 OTR at 270.
The court responded by stating that "[t]axpayers are fundamentally mistaken about the law." Id. The court went on to state that "[u]nder Measure 50 and the statutes implementing it, there is no linkage between the RMV and MAV. Instead, each value is determined and one of the two, the lesser, becomes, in any given year, the assessed value (AV) for the property." Id. *Page 4 
 III. CONCLUSION
Based on the foregoing, the court concludes that Plaintiff is not aggrieved as required by ORS 305.275, because the RMV Plaintiff has requested is greater than the MAV and AV of the subject property and will not result in any reduction in property taxes. Accordingly, Plaintiff lacks standing and the Complaint must be dismissed. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's Complaint should be dismissed because Plaintiff it is not aggrieved and therefore lacks standing.
Dated this ___ day of August 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on August 20,2009. The Court filed and entered this document on August 20, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2007 edition.
[2] ORS 305.275 provides, in relevant part:
"(1) Any person may appeal under this subsection to the magistrate division of the Oregon Tax Court as provided in ORS 305.280 and 305.560, if all of the following criteria are met:
"(a) The person must be aggrieved by and affected by an act, omission, order or determination of [the Department of Revenue, the county assessor, the tax collector, the county board of property tax appeals, etc.]"
[3] Plaintiff noted during the July 8, 2009, proceeding, that the "law" provides that the value "may" increase three percent, but does not mandate such an increase. The court explained that the relevant constitutional provision provides that "[f]or tax years beginning after July 1, 1997, the property's maximum assessed value shall not increase by more than three percent from the previous tax year." Or Const, Art XI, § 11 (1)(b).
That provision was codified in ORS 308.146(1), which provides that the property's MAV "shall equal 103 percent of the property's assessed value from the prior year or 100 percent of the property's maximum assessed value from the prior year, whichever is greater." ORS 308.146. Typically, the MAV of residential real property increases three percent over the prior year, and because that number is generally lower than the property's RMV, the AV, in turn, increases three percent annually. *Page 1