DECISION OF DISMISSAL
Plaintiffs appeal to the court from an order of the county board of property tax appeals (board), seeking a reduction in the assessed value (AV) of the property for the 2008-09 tax year. Defendant filed an Answer requesting that the court dismiss Plaintiffs' appeal because the relief they requested is contrary to law. The court addressed Defendant's motion with the parties at a telephonic hearing held August 3, 2009. Plaintiffs appeared on their own behalf. Defendant Doug Hillpot, Benton County Assessor, appeared on behalf of his office.
 I. STATEMENT OF FACTS
The appeal involves Plaintiffs' home, identified in the assessor's records as Account 322128, for the 2008-09 tax year. Plaintiffs do not challenge their real market value (RMV), which was set by the assessor at $466,330, and affirmed by the board. Rather, Plaintiffs have requested a reduction in their AV based on the average AV to RMV for 30 neighboring properties, which Plaintiffs assert is 62 percent. (Ptfs' Compl at 2.) Their current AV is $372,967, which is 80 percent of their RMV. Plaintiffs have requested that there AV be reduced to $289,125.
Plaintiffs submitted a great deal of information with their appeal, explaining their position and demonstrating their calculations. Defendant asks the court to dismiss Plaintiffs' *Page 2 
appeal as contrary to law, arguing that the current tax law does not allow for averaging the AV of the neighborhood, and that the annual changed property ratio (CPR) is only applied to new properties. (Def's Answer.)
 II. ANALYSIS
Defendant is correct that Oregon's system of property assessment and taxation does not allow the type of relief Plaintiffs request. The reason lies in Measure 50 (M50), a referendum adopted by the voters in May 1997 that substantially modified Oregon's property tax system. Prior to M50, a property was taxed at its RMV. Due to increasing values, Oregon voters chose to limit the growth of assessed values. In doing so, M50 created the concept of maximum assessed value (MAV). For the 1997-98 tax year, which was the implementation year for M50, MAV was calculated by taking the property's 1995-96 RMV and subtracting 10 percent. Or Const, Art XI, § 11(1)(a). M50 provides that, for each successive year, MAV will generally increase no more than three percent a year. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1).[1] The measure also requires counties to maintain a record of the property's RMV because a property is to be taxed at the lesser of its MAV or its RMV. Or Const, Art XI, § 11(1)(f); see also ORS 308.146(2). Finally, AV is the lesser of RMV or MAV. ORS 308.146(2).
The court discussed M50 extensively with the Plaintiffs during the August 3, 2009, proceeding, explaining that there was no correlation or link between RMV and AV for existing properties. The ratio of average MAV to RMV, which according to the assessor's information (posted on its website), was 0.621 for residential property for the 2008-09 tax year, was only *Page 3 
applied to new property to give such property the benefits of Measure 50. (Ptfs' Compl, Table 7a.)
Plaintiff's belief that there is a formulaic relationship between RMV and AV is incorrect. In Gall v. Dept. of Rev., the Regular Division of the Tax Court explained:
 "Taxpayers are fundamentally mistaken about the law. Under Measure 50 and the statutes implementing it, there is no linkage between the RMV and MAV. Instead, each value is determined and one of the two, the lesser, becomes, in any given year, the assessed value (AV) for the property."[2]
17 OTR 268, 270-71 (2003).
The court, in this case, acknowledged to Plaintiffs that M50 produced a lack of uniformity between neighboring properties. Plaintiffs themselves noted that the court's taxpayer appeal booklet explains that, under M50, the constitutional requirements of uniformity do not apply. That is because the concept of MAV is an artificial constitutional creation. InTaylor v. Clackamas County Assessor (I), the Tax Court noted:
 "It is important to point out that maximum assessed value is an arbitrary limit. It is possible that section 11 will, over time, result in nonuniform property taxation. The drafters of Measure 50 recognized that because they expressly provided that Article I, section 32, and Article IX, section 1, of the Oregon Constitution, both of which address the issue of uniformity in taxation, do not apply to section 11. Or Const, Art XI, § 11(18). If the voting public approved a scheme that may result in nonuniform taxation, then they implicitly accepted the notion of some degree of `unfairness.' That is, by providing for taxation of property at the lesser of maximum assessed value or real market value, they accepted all of the potential inconsistencies and lack of uniformity in between."
14 OTR 504, 511 (1999) (decision withdrawn on other grounds). *Page 4 
The court reiterated its rationale in Ellis v. Lorati, stating:
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of [Measure 50]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) [of the Oregon Constitution] contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity * * * ."
14 OTR 525, 535 (1999).
The court gave Plaintiffs an explanation of how MAV was established for properties that existed in 1995. In this case, Plaintiffs' home was built in 1994. Plaintiffs' 1997 MAV was calculated as 90 percent of their 1995 RMV on the assessment and tax rolls. Their 1997 RMV was based on the assessor's estimate of the market value (i.e., likely selling price) of the property on the applicable assessment date in 1997. Finally, AV was simply the lesser of the two. Thereafter, Plaintiffs' MAV has been increased annually at a rate of three percent, as provided in the constitution (Measure 50) and corresponding statute (ORS 308.146(1)).
 III. CONCLUSION
The court concludes that Defendant's motion to dismiss should be granted because the relief that Plaintiffs seek is based on the premise that there is a correlation, or linkage, between RMV and AV and, under Measure 50 and the statutes implementing that Measure, there is no such tie. The court understands that individual property owners may, and often do, find it unfair that the gap between their RMV and AV is much smaller than the gap for neighboring properties and that, as a result, they pay higher taxes than their neighbors whose houses are similar in market value. However, uniformity is not a part of Measure 50, and the only way to achieve a reduction in AV is to prove that the property's RMV is less than the MAV. Accordingly, contrary to Plaintiffs' request, the court cannot reduce their AV to a level that is consistent with the ratio of average AV and RMV of the other homes in Plaintiffs' neighborhood. *Page 5 
Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.
Dated this ____ day of December 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on December 10,2009. The Court filed and entered this document on December 10, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Although the court in Gall rejected the claim there was a link between RMV and MAV, that statement generally applies with equal force to AV, because in most residential property value appeals, MAV and AV are, by virtue of the law, the same. That is the case in the instant appeal.