DECISION GRANTING DEFENDANT'S MOTION TO DISMISS
This matter is before the court on Defendant's Motion to Dismiss (Motion) Plaintiff's appeal, filed May 13, 2010. In its Motion, Defendant asserts Plaintiff is not "aggrieved" as required by "ORS 305.275 because plaintiff has requested a reduction in maximum assessed value that is contrary to ORS 308.146." (Def's Mot at 1.)
A hearing on the matter was held by telephone August 10, 2010. Plaintiff appeared on his own behalf. Defendant was represented by Doug Kelsay, Dave Babcock, and Renée Grier. After some discussion, the court orally granted Defendant's motion during the August 10, 2010, proceeding.
The property at issue is identified as Account R337096. Plaintiff appealed from an unfavorable decision of the county board of property tax appeals (BOPTA) for the 2009-10 tax year. In his Amended Complaint to the magistrate division of the Tax Court, Plaintiff stated that BOPTA reduced the real market value (RMV) of his property $30,000 and he was seeking "a reduction in the assessed value of the property." (Ptf's Amended Compl at 2.) *Page 2 
The court explained during the August 10, 2010, proceeding that the basis for Defendant's motion was that there is no correlation or linkage between RMV and maximum assessed value (MAV), and that assessed value (AV) was the lesser of the two. See Gall v. Dept. of Rev.,17 OTR 268, (2003) (stating that "[u]nder Measure 50 and the statutes implementing it, there is no linkage between the RMV and MAV.") The reason is because of a constitutional amendment known as Measure 50.
Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls (back two years less ten percent). See Or Const, ArtXI, § 11(1)(a).[1] For years following 1997, and barring certain changes to the property, MAV increases at an annual rate of three percent.[2] RMV represents the market value (i.e., likely selling price) of a property. Finally, AV is the lesser of the property's RMV or MAV. ORS 308.146(2) (2007). Thus, whereas RMV is tied to market conditions that can vary each year both in terms of direction (up or down) and magnitude, MAV is a simple mathematical calculation based on an annual increase of three percent. Plaintiff's request for a reduction in AV is simply contrary to law.
Because there is no linkage between RMV and MAV, and the court has no legal authority to reduce Plaintiff's MAV and AV based on BOPTA's reduction in RMV, Defendant's Motion is well taken. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted because the relief Plaintiff has requested is contrary to law.
Dated this ___ day of September 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinsonon September 13, 2010. The Court filed and entered this documenton September 13, 2010.
[1] Or Const, Art XI, § 11(1)(a) (providing that a property shall have a MAV for the 1997-98 tax year "that does not exceed the property's real market value for the tax year beginning July 1, 1995, reduced by 10 percent.").
[2] Or Const, Art XI, § 11(1)(b) (providing that "[f]or tax years beginning after July 1, 1997, the property's maximum assessed value shall not increase by more than three percent from the previous tax year"); ORS 308.146(1) (providing that MAV is the greater of 103 percent of the property's prior year AV, or 100 percent of the property's prior year MAV).