DECISION OF DISMISSAL
This matter is before the court on its own motion to dismiss Plaintiff's appeal for lack of jurisdiction.
The tax year at issue is 2009-10. Plaintiff has requested a reduction in the real market value (RMV) of the land component of the subject property, identified as Account R21140, from $481,970 to $433,773. Plaintiff has not appealed the structures RMV, which the county board of property tax appeals (BOPTA) reduced from $306,020 to $216,470.
A hearing on the matter was held by telephone August 10, 2010. Plaintiff appeared on his own behalf. Defendant was represented by Charles Gross, an appraiser in the Lincoln County assessor's office.
The assessor set the land RMV at $513,750 for the year at issue. Plaintiff appealed to the BOPTA and BOPTA reduced the land RMV to $481,970, a reduction of slightly less than $32,000. BOPTA also reduced the structures RMV from $306,020 to $216,470, as indicated above. BOPTA sustained the maximum assessed value (MAV) and assessed value (AV) at $422,090. If Plaintiff succeeded in his appeal (by receiving a reduction in the land RMV), the total RMV of the property would be $650,243 ($216,470 *Page 2 
structures plus $433,773 land). That number, $650,243, is $228,153 above the property's $422,090 MAV and AV.
The court explained during the August 10, 2010, proceeding that there is no correlation or linkage between RMV and MAV, and that a property's AV is simply the lesser of RMV and MAV. Seegenerally ORS 308.146(2)[1] (providing that AV is the lesser of RMV or MAV); Gall v. Dept. of Rev.,17 OTR 268, 270 (2003) (stating that "[u]nder Measure 50 and the statutes implementing it, there is no linkage between the RMV and MAV.") Thus, a reduction in RMV does not necessarily reduce MAV or AV. That is the situation in the present case. Moreover, RMV reductions, by themselves (i. e., where there is no reduction in MAV or AV) typically do not reduce property taxes. Again, the requested reduction in RMV, if ordered by the court, would not reduce Plaintiff's MAV or AV, and there would be no reduction in property taxes. The reason for the lack of any correlation between RMV and MAV, and the lack of a tax savings, lies in Measure 50.
Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls (back two years less ten percent).See Or Const, Art XI, § 11(1)(a).[2] For years following 1997, and barring certain changes to the property (e. g., land partitions or subdivisions, the addition of new structures), MAV increases at an annual rate of three percent.[3] RMV represents the market value (i.e., likely selling price) of a property. Finally, AV is the lesser of the property's RMV or MAV. *Page 3 
ORS 308.146(2). Thus, whereas RMV is tied to market conditions that can vary each year both in terms of direction (up or down) and magnitude, MAV is a simple mathematical calculation whereby the prior year's MAV is simply increased three percent each year.
Because there is no linkage between RMV and MAV and because AV is simply the lesser of RMV and MAV, Plaintiff's request for a reduction in RMV will have no impact on MAV or AV nor on his property taxes. Accordingly, Plaintiff is not aggrieved as required by ORS 305.275(1), and the court lacks jurisdiction to hear the appeal. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.
Dated this ___ day of September 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon September 16, 2010. The Court filed and entered this documenton September 16, 2010.
[1] References to the Oregon Revised Statutes (ORS) are to the 2007 edition.
[2] Or Const, Art XI, § 11(1)(a) (providing that a property shall have a MAV for the 1997-98 tax year "that does not exceed the property's real market value for the tax year beginning July 1, 1995, reduced by 10 percent.").
[3] Or Const, Art XI, § 11(1)(b) (providing that "[f]or tax years beginning after July 1, 1997, the property's maximum assessed valueshall not increase by more than three percent from the previoustax year") (emphasis added); ORS 308.146(1) (providing that MAV is the greater of 103 percent of the property's prior year AV, or 100 percent of the property's prior year MAV).