IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| ZACK HUYNH, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 190077G |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| Defendant. | ) | **MOTION TO DISMISS** |

This matter came before the court on Defendant's Motion to Dismiss, alleging lack of aggrievement and failure to state a claim for which relief may be granted. Plaintiff appealed the assessed value (AV) of the subject property for tax years "2017 and after." Plaintiff did not appeal the subject's real market value (RMV), which was reduced by the Multnomah County Board of Property Tax Appeals (BOPTA) to the amount he requested for the 2018–19 tax year.

The subject is residential property. Plaintiff alleges that the subject's AV was significantly higher than that of comparable and neighboring properties.

Plaintiff supports that allegation with three sets of data about other properties, which he labels "bank data", "block data", and "similar price range data." The bank data—apparently selected by a third party in connection with a loan—are tabulated in a list of five comparable properties with 2017 sale dates. The other two sets of data were apparently compiled by Plaintiff. The block data set is a list of 20 properties on the subject's block. The similar-price-range data set is a list of 17 properties within walking distance of the subject with market values between $320,000 and $420,000; the source of the reported market values is not clearly indicated.

/ / /

The data in each set include each of the listed properties' RMV, AV, 2017 tax, square footage, lot size, and year built. As analyzed by Plaintiff, the bank data show that the subject's AV was 20 percent higher than the average of the five comparables' AVs. The block data show that the subject's AV was 37 percent higher than the average of the 20 comparables' AVs. The similar-price-range data show that the subject's AV was 34 percent higher than the average of the 17 comparables' AVs. Plaintiff acknowledges that only the bank data set purports to compare properties with similar features, but asserts that the subject's AV is disproportionately high as compared even to properties with superior market values, square footages, and lot sizes.

Based on the data presented, Plaintiff's assertion about the subject's AV appears correct. The subject had a higher AV—and, consequently, a higher tax bill—than all of its neighboring properties, including those with higher market values. Plaintiff attributes the disparity to alleged errors on Defendant's part. However, as discussed below, the disparity in taxation in Plaintiff's neighborhood has deeper roots.

It is first necessary to clear up a miscommunication based on terminology. Plaintiff charges that a "different tax rate was applied to the subject" as compared to its neighbors, and that his data shows statements to the contrary made by Defendant were false. However, Plaintiff's explanation of the data neglects the concept of tax base. A tax rate, by itself, does not yield a dollar amount of taxes owed—a rate must be multiplied by a dollar amount to yield a dollar amount. That dollar amount is the tax base, and the tax assessment equals the tax base times the tax rate.

In former days, the base for property taxation was simply RMV: a property's tax assessment was determined by multiplying its market value by the tax rate. Thus, the same tax

/ / /

rate yielded a higher tax on properties with higher market values. Taxpayers with more valuable properties paid more in property taxes.

In 1997, voters adopted Measure 50, which added Article XI, section 11 to the Oregon Constitution. Measure 50 changed "the mechanism for computation of the tax base against which property tax rates were applied." *Comcast Corp. v. Dept. of Rev.*, 22 OTR 233, 235 (2016), *abrogated on other grounds by DISH Network Corp. v. Dept. of Rev.*, 364 Or 254, 434 P3d 379 (2019).

> "It did so by introducing the concept of maximum assessed value (MAV) for property. Measure 50 also dictated that the AV of property in any year must be the lesser of the RMV or the MAV of that property for the year in question. Or Const, Art XI, §§ 11(1)(b); (f); *see also* ORS 308.146(2)."

*Id*. Thus, a property's tax base became its AV, which was decoupled from its RMV whenever its MAV was lower. At least initially, its MAV generally was lower because each property was first given a MAV for the 1997–98 tax year that was equal to its RMV from two years before, reduced by 10 percent. Or Const, Art XI, § 11(1)(a). Thereafter, growth in MAV was generally limited to three percent per year. Or Const, Art XI, § 11(1)(b). Measure 50 provided six exceptions to the three-percent-per-year cap, such as where there were "new property or new improvements to property." Or Const, Art XI, § 11(1)(c).

By regulating future growth in the property tax base, Measure 50 aimed to provide predictability to taxpayers. That predictability came at the cost of uniformity, however. By design, the tax base under Measure 50 is neither the RMV nor a fixed percentage of the RMV. A property's AV depends on its own unique history and the history of market forces during the time since it was built or remodeled. Two properties with identical RMVs may have quite different AVs and pay quite different taxes. The possibility that Measure 50 would result in similar properties being taxed dissimilarly was foreseen from the beginning. *See Ellis v. Lorati*,

14 OTR 525, 535 (1999). Thus, Measure 50 specifically exempts itself from the Constitutional requirement that taxation "be uniform on the same class of subjects within the territorial limits of the authority levying the tax." Or Const, Art I, § 32; *see* Or Const, Art XI, § 11(18) (exempting Measure 50 from uniformity provisions).

Because Measure 50 and its implementing statutes do not provide for any proportional relationship between a property's RMV and its AV, claims based on such arguments are subject to dismissal. In *Gall v. Department of Revenue*, 17 OTR 268, 270–71 (2003), the court dismissed taxpayers' claim based on a putative "linkage between RMV and MAV under Measure 50, at least in instances where RMV is reduced[,]" stating that the taxpayers were "fundamentally mistaken about the law." The court likewise dismissed the complaint in *Theda v. Department of Revenue*, 20 OTR 237, 238 (2010), where the taxpayers had argued that their property's MAV and AV should be "reduced so that the relationships of AV to RMV for their property approximates that which they allege exists for similar properties." The court held that Measure 50 was materially similar to California's "Proposition 13" tax scheme such that challenges based on the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution were controlled by *Nordlinger v. Hahn*, 505 US 1, 112 S Ct 2326, 120 L Ed2d 1 (1992). *Theda*, 20 OTR at 238. In *Nordlinger*, the U.S. Supreme Court upheld the constitutionality of Proposition 13—even though it had caused "dramatic disparities in the taxes paid by persons owning similar pieces of property"—because it furthered a legitimate governmental interest in "local neighborhood preservation, continuity, and stability." *Nordlinger*, 505 US at 6, 12.

The present case is indistinguishable from *Gall* and *Theda*. Plaintiff's sole argument for relief is that the subject's AV should relate to its RMV in a proportion similar to that of its

neighbors. However, uniform taxation among similar properties is not considered in setting AV. *See* Or Const, Art XI, § 11(18). Plaintiff has not stated a claim on which relief can be granted.[1]

Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.

Dated this ___ day of August 2019.


POUL F. LUNDGREN
MAGISTRATE

***This is an order disposing of all issues pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Errors in this order may be challenged by appealing the court's decision. See TCR-MD 19.***

***This document was signed by Magistrate Poul F. Lundgren and entered on August 5, 2019.***

---

[1] Defendant's argument that Plaintiff is not aggrieved is not pertinent. Plaintiff requested reduction in the subject's AV. Such a reduction, if possible under the law, would result in tax savings.